IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY MOTA                                                                    PLAINTIFF

v.                              Case No. 5:14-CV-05328

BANK OF OKLAHOMA, N.A.                                              DEFENDANT

## OPINION AND ORDER

On December 1, 2014, the Court granted *ex parte* Plaintiff Mary Mota's Motion for Temporary Restraining Order. (Doc. 10). In the same Order, the Court denied Ms. Mota's request for a preliminary injunction, finding that the issue should be revisited at a hearing, which the Court set for December 15, 2014, a date fourteen days following the issuance of the temporary restraining order. *See* Fed. R. Civ. P. 65.

At the hearing, the Court acknowledged that the temporary restraining order had expired and considered whether Ms. Mota had established sufficient grounds to issue a preliminary injunction. Ms. Mota appeared in person with her counsel, and Defendant Bank of Oklahoma, N.A. ("the Bank"), appeared through its counsel. The Court considered testimony from Ms. Mota; the verified Complaint (Doc. 3); the Answer (Doc. 7); the Motion and supporting documents (Docs. 9, 9-1, 9-2); and the Bank's Response, supporting affidavit, and attached bank records (Docs. 11, 11-1).

After reviewing all the factors necessary for obtaining preliminary injunctive relief pursuant to the Eighth Circuit's guidance in *Dataphase Systems v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc), the Court denied Ms. Mota's request for preliminary injunction from the bench, citing as grounds that Ms. Mota failed to demonstrate that she would suffer irreparable harm should the Court refuse to issue a

preliminary injunction and that she further failed to show a likelihood of success on the merits of her Complaint.  To the extent this Order contradicts the rulings made in open Court, the terms of this Order will control.

While it is true that Ms. Mota's home, which is the subject of a pending foreclosure action by the Bank, is inherently valuable to her, Ms. Mota's divorce decree (Doc. 11-1, pp. 85-88) provides that the home must either be refinanced within the next 60 days or sold at public auction with the proceeds from the sale divided equally between Ms. Mota and her ex-husband, Pablo Mota.  Ms. Mota asks this Court to preliminarily enjoin the immediate foreclosure sale of her home by the Bank, the home's mortgagee.  However, Ms. Mota admits that she stopped making monthly mortgage payments sometime in October of 2013, and since then, she has attempted repeatedly and unsuccessfully to obtain new financing for the home.  She testified that her income—which is derived exclusively from Social Security disability payments—is insufficient to enable her to pay her current monthly mortgage rate.  She also testified that over the course of the past year, she has only saved a little more than $1,200.00 to cover the past-due mortgage debt, even though the total debt owed on the mortgage now exceeds $10,000.00.  Finally, Ms. Mota admits that the Bank has properly complied with all statutory notice procedures required by the Arkansas Statutory Foreclosure Act to initiate a non-judicial foreclosure of the home. Ark. Code Ann. § 18-50-101, *et seq.*

In light of the above factual circumstances, no irreparable harm will result due to the Court's refusal to enjoin the immediate sale of Ms. Mota's home.  The divorce decree issued by the state court orders that if Ms. Mota fails to obtain alternate financing by mid-February of 2015, the home will be sold at public auction.  It appears certain that this public

sale will take place even if the Court enjoins the Bank's foreclosure action, as Ms. Mota has not been successful in obtaining alternate financing and has few prospects for doing so by the state court's deadline. Moreover, Ms. Mota lacks the financial means to save her home from ultimate foreclosure by the Bank because she is unable to pay the entire past-due liability owed on the mortgage.

Turning now to the issue of Ms. Mota's likelihood of prevailing on the merits of her underlying Complaint, the Court will assume for the sake of argument that Ms. Mota has standing to bring claims concerning the mortgage on her home, despite the fact that she is not a co-signer on the note. It is clear that Ms. Mota has an important legal interest in her home due to the fact that she signed the mortgage and received title to the property in her divorce proceedings. The Bank acknowledged Ms. Mota's legal interest at some point in 2014 when it began communicating with her directly concerning loss mitigation options.

It bears mentioning that neither federal nor state law *requires* a bank to extend financing or loan forgiveness measures to a borrower who represents a bad financial risk. The evidence is clear that the mortgage on Ms. Mota's home remained unpaid for the better part of a year, and the Bank engaged in significant forebearance in refraining from initiating foreclosure proceedings for at least an eight-month period. According to 24 C.F.R. § 203.501, lending institutions are required to explore loss mitigation options for all FHA-insured loans, including considering whether a mortgagor qualifies for a loan modification. The Court is persuaded by the affidavit of Laura Packard, Vice President of Foreclosure and Bankruptcy for the Bank, and by the records attached to Ms. Packard's affidavit, that the Bank considered Ms. Mota for loss mitigation or loan modification, but her

application was determined to be either incomplete or otherwise lacking in prerequisite qualifications. Although there remain disputes of fact over whether the Bank refused to communicate with Ms. Mota for at least some period of time concerning loss mitigation and whether the Bank dealt at all times with Ms. Mota in good faith, the Court finds that for purposes of deciding whether a preliminary injunction should issue, Ms. Mota has failed to meet her burden of showing a likelihood of success on the merits.

**IT IS THEREFORE ORDERED** that Plaintiff's request for a preliminary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that the non-judicial foreclosure sale of Plaintiff's home take place **no earlier than January 15, 2015**. Defendant is directed to follow all statutory notice procedures prior to the foreclosure sale, including notifying both Plaintiff and her counsel in writing as to the new date of sale.

**IT IS FURTHER ORDERED** that Plaintiff's counsel provide a status report to the Court within 45 days, or **no later than February 2, 2015**, stating whether Plaintiff intends to pursue the remainder of her claims in this Court. If she desires the case to continue, the matter will be reset for a case management hearing to establish relevant discovery deadlines and a trial date agreeable to the parties.

**IT IS SO ORDERED** this 18th day of December, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE